**FILED**

10/07/2025

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**STATE OF TENNESSEE v. MARVIN M. GREEN**

**Criminal Court for Unicoi County
Nos. 87316**

_____

**No. E2025-01516-CCA-R10-CD**

_____

**ORDER**

Before the court is the pro se Defendant's "Application for Extraordinary Relief." *See* Tenn. R. App. P. 10.   The Defendant raises two issues for this court's review:

1. Whether Unicoi County Court(s) are moving [in] clear absen[ce] of jurisdiction?

2. Whether Unicoi County Court err[ed] in denying Petitioner access to Court by vehicle of habeas corpus?

The Defendant alleges that he was arrested illegally, that the trial court denied him counsel in violation of his constitutional rights, and that the trial court refused to hear a petition for a writ of habeas corpus.   He seeks dismissal of his charges.

The pleading contains no documentation in support of the Defendant's allegations.[1] As such, the pleading is wholly insufficient for this court to engage in any review of the trial court's actions.   *See* Tenn. R. App. P. 10(c).

Accordingly, the application for extraordinary relief is DENIED.   Because the

---

[1]   In *State v. Marvin Green*, No. E2025-01470-CCA-R3-CD (Tenn. Crim. App. Sept. 29, 2025) (Order), this court summarily dismissed for lack of jurisdiction the pro se Defendant's appeal as of right in Unicoi County Criminal Court case number CR8398.   In that matter, this court observed that the Defendant is charged with possession with the intent to manufacture, sell, or deliver a Schedule II drug, Tennessee Code Annotated section 39-17-417(c); possession with the intent to manufacture, sell, or deliver methamphetamine, Tennessee Code Annotated section 39-17-434(a); and possession of drug paraphernalia, Tennessee Code Annotated section 39-17-425.   Following a September 3, 2025 preliminary hearing, the charges are now pending in the grand jury.   Although the Defendant included a different docket number in the instant pleading, the matters appear to be procedurally related, and the Defendant makes allegations similar to those raised in the previous case.

general sessions court previously determined the Defendant to be indigent, the costs associated with this action are taxed to the State of Tennessee.

JUDGE STEVEN W. SWORD
JUDGE ROBERT H. MONTGOMERY, JR.
JUDGE KYLE A. HIXSON